**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| Travis McEwen, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:20-cv-00153-LEW |
| v. | ) ) | |
| National Rifle Association of America and InfoCision, Inc., | ) ) ) | **DEFENDANT INFOCISION, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | ) | |

Defendant InfoCision, Inc. ("Defendant" or "InfoCision"), for its Answer to the

Complaint filed by plaintiff Travis McEwen ("Plaintiff") against InfoCision and the

National Rifle Association of America ("NRA"), hereby states as follows:

1.      Defendant admits that Plaintiff filed the action described in paragraph 1,

but denies that the action has merit and denies the remaining allegations in paragraph 1

of the Complaint.

## I.      Nature of Action

2.      Defendant denies the allegations in paragraph 2 of the Complaint.

3.      Defendant admits that InfoCision has made calls to Plaintiff on behalf of

the NRA, lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegation that "Plaintiff placed his telephone number on the National Do

Not Call Registry in 2003 to avoid unsolicited telemarketing calls," and denies the

remaining allegations in paragraph 3 of the Complaint.

4.      Defendant denies the allegations in paragraph 4 of the Complaint.

5.      Defendant denies the allegations in paragraph 5 of the Complaint.

6.     Defendant admits that Plaintiff seeks the relief described in paragraph 6, but denies that Plaintiff is entitled to such relief, and denies the remaining allegations in paragraph 6 of the Complaint.

## II.     Jurisdiction and Venue

7.     Defendant states that paragraph 7 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits the allegations in paragraph 7 of the Complaint.

8.     Defendant states that paragraph 8 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that the Court has personal jurisdiction over it with respect to Plaintiff's individual claims, but otherwise denies the allegations in paragraph 8 of the Complaint.

9.     Defendant states that paragraph 9 contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that venue is proper with respect to Plaintiff's individual claims, but otherwise denies the allegations in paragraph 9 of the Complaint.

10.    Defendant admits the allegations in paragraph 10 of the Complaint.

## III.    Parties

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12.    Defendant admits the allegations in paragraph 12 of the Complaint.

13.    Defendant admits the allegations in paragraph 13 of the Complaint.

2

## IV.   Factual Allegations[1]

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15.    Defendant denies the allegations in paragraph 15 of the Complaint.

16.    Defendant admits the allegations in paragraph 16 of the Complaint.

17.    Defendant admits the allegations in paragraph 17 of the Complaint.

18.    Defendant admits that InfoCision places calls on behalf of the NRA, and denies the remaining allegations in paragraph 18 of the Complaint.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint, and therefore denies the same.

20.    Defendant admits that InfoCision did not place calls to Plaintiff on behalf of the NRA Foundation, admits that the NRA Foundation does not solicit memberships in the NRA, and denies the remaining allegations in paragraph 20 of the Complaint.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint, and therefore denies the same.

---

[1] Plaintiff's Complaint contains various subheadings in the "Factual Allegations" section of its Complaint which are not reproduced herein.  To the extent those subheadings contain or are construed as independent allegations, Defendant denies each and every such allegation.

3

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint, and therefore denies the same.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant denies the allegations in paragraph 24 of the Complaint.

25.     Defendant admits that it posted the quoted language to the website listed in footnote 4 on or about October 12, 2018, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 25 of the Complaint, and therefore denies the same.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint, and therefore denies the same.

29.     Defendant admits that Plaintiff was an NRA member until 2018, admits that he did not renew his membership, and denies the remaining allegations in paragraph 29 of the Complaint

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant denies the allegations in paragraph 31 of the Complaint.

32.     Defendant denies the allegations in paragraph 32 of the Complaint.

33.     Defendant admits that after November 2019, InfoCision placed more than 16 calls to Plaintiff, and denies the remaining allegations in paragraph 33 of the Complaint.

4

34.     Defendant admits that Plaintiff did not answer any calls from InfoCision between November 2019 and March 6, 2020, and further states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint, and therefore denies the same.

35.     Defendant admits that Plaintiff answered a call from InfoCision on March 6, 2020 and denies the remaining allegations in paragraph 35 of the Complaint.

36.     Defendant admits that during the March 6, 2020 call, Plaintiff spoke with a live caller who inquired about Plaintiff's interest in a five-year NRA membership, which cost $150 and came with an NRA magazine subscription and an NRA quarter-zip pullover, valued at $70, and denies the remaining allegations in paragraph 36 of the Complaint.

37.     Defendant admits that Plaintiff did not purchase an NRA membership during the March 6, 2020 call, and denies the remaining allegations in paragraph 37 of the Complaint.

38.     Defendant admits the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant admits that during the March 6, 2020 call, Plaintiff stated that he believed he had previously asked to be put on a do-not-call list and asked that he be placed on the NRA's do-not-call list at that time, and denies the remaining allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

5

## V.      Class Action Allegations

43.      In response to paragraph 43, Defendant admits that Plaintiff seeks to represent a putative class or classes, but that denies such putative classes exist and can be certified, and denies the remaining allegations in paragraph 43 of the Complaint.

44.      In response to paragraph 44, Defendant admits that Plaintiff seeks to represent a putative class or classes, but denies that such putative classes exist and can be certified, and denies the remaining allegations in paragraph 44 of the Complaint.

45.      In response to paragraph 45, Defendant admits that Plaintiff seeks to represent a putative class or classes; admits that, to the extent such putative classes exist and are certified, the persons named in paragraph 45 should be excluded from those classes; denies that such putative classes exist and can be certified; and denies the remaining allegations in paragraph 45 of the Complaint.

46.      Defendant denies the allegations in paragraph 46 of the Complaint.

47.      Defendant denies the allegations in paragraph 47 of the Complaint.

48.      Defendant denies the allegations in paragraph 48 of the Complaint.

49.      Defendant denies the allegations in paragraph 49 of the Complaint.

50.      Defendant denies the allegations in paragraph 50 of the Complaint.

51.      Defendant denies the allegations in paragraph 51 of the Complaint.

## VI.   Claims for Relief

### A. First Claim for Relief

**Strict Liability Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)**
*On Behalf of the National ATDS Class*

52.    Defendant incorporates all of its previous responses as if fully rewritten herein.

53.    Defendant denies the allegations in paragraph 53 of the Complaint.

54.    Defendant denies the allegations in paragraph 54 of the Complaint.

55.    Defendant denies the allegations in paragraph 55 of the Complaint.

56.    Defendant denies the allegations in paragraph 56 of the Complaint.

57.    Defendant denies the allegations in paragraph 57 of the Complaint.

### B. Second Claim for Relief

**Willful and Knowing Violations of the TCPA, 47 U.S.C. § 227(b)**
*On Behalf of the National ATDS Class*

58.    Defendant incorporates all of its previous responses as if fully rewritten herein.

59.    Defendant denies the allegations in paragraph 59 of the Complaint.

60.    Defendant denies the allegations in paragraph 60 of the Complaint.

61.    Defendant denies the allegations in paragraph 61 of the Complaint.

62.    Defendant denies the allegations in paragraph 62 of the Complaint.

### C. Third Claim for Relief

### Violations of the TCPA, 47 U.S.C. § 227(c) & 47 C.F.R. 64.1200(c), (e)
### *On Behalf of the National Do-Not-Call Subclass*

63.     Defendant incorporates all of its previous responses as if fully rewritten herein.

64.     In response to paragraph 64, Defendant admits that InfoCision has placed calls to Plaintiff and other individuals whose phone numbers are listed on the National Do-Not-Call Registry, but denies that such calls were unlawful or improper, and denies the remaining allegations in paragraph 64 of the Complaint.

65.     In response to paragraph 65, Defendant admits that InfoCision placed more than two calls to Plaintiff within a 12-month period, denies that the putative "National Do-Not-Call Subclass" exists and can be certified, and denies the remaining allegations in paragraph 65 of the Complaint.

66.     Defendant denies the allegations in paragraph 66 of the Complaint.

### D. Fourth Claim for Relief

### Willful and Knowing Violations of the TPCA, 47 U.S.C. § 227(c) & 47 C.F.R. 64.1200(c), (e)
### *On Behalf of the National Do-Not-Call Subclass*

67.     Defendant incorporates all of its previous responses as if fully rewritten herein.

68.     Defendant denies the allegations in paragraph 68 of the Complaint.

69.     Defendant denies the allegations in paragraph 69 of the Complaint.

70.     Defendant denies the allegations in paragraph 70 of the Complaint.

71.     Defendant denies the allegations in paragraph 71 of the Complaint.

## VII.   General Denial

72.     Defendant denies each and every allegation in Plaintiff's Complaint that is not specifically admitted herein, including, but not limited to, Plaintiff's prayer for relief.

## VIII.   Defenses

73.     Plaintiff's claims are barred, in whole or in part, because the Court lacks personal jurisdiction over Defendant with respect to the claims of the putative class members.

74.     Plaintiff's claims are barred, in whole or in part, because Plaintiff expressly or impliedly consented to the conduct alleged in the Complaint.

75.     Plaintiff's claims are barred, in whole or in party, because Plaintiff has an established business relationship with one or more defendant.

76.     Plaintiff's claims are barred, in whole or in party, by the doctrine of unclean hands and/or in pari delicto.

77.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury and therefore lacks standing.

78.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

79.     Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

80.     Plaintiff's claims are barred, in whole or in part, by the Due Process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

81.    Plaintiff's claims are barred, in whole or in part, by the Excessive Fines clause of the Eighth Amendment to the United States Constitution.

82.    Plaintiff's claims are barred, in whole or in part, because Defendant acted reasonably and in good faith.

83.    Plaintiff's claims are barred, in whole or in part, because the NRA is a tax-exempt nonprofit organization.

84.    Plaintiff's claims are barred, in whole or in part, by the safe harbor provision of 47 U.S.C. § 227(c)(5).

85.    Plaintiff's claims are barred, in whole or in part, because Defendant did not perform the acts or omissions alleged in Plaintiff's Complaint.

86.    Plaintiff's claims are barred, in whole or in part, because class certification cannot be granted. Defendant has individualized affirmative defenses related to the proposed class members, and individualized affirmative defenses based on consent and established business relationships exist and cannot be decided on a class basis.

87.    Defendant reserves the right to assert additional defenses should it become necessary or appropriate.

Dated:  August 3, 2020

Respectfully submitted,

*/s/ Patrick Strawbridge*
Patrick Strawbridge
Maine Bar No. 10024
Consovoy McCarthy PLLC
Ten Post Office Square
8th Floor South PMB #706
Boston, MA 02109
(617) 227-0548
patrick@consovoymccarthy.com

Terry M. Brennan (*pro hac vice* pending)
Sam A. Camardo (*pro hac vice* pending)
Daniel M. Kavouras (*pro hac vice*
pending)
BakerHostetler LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
T (216) 861-7145
F (216) 696-0740
tbrennan@bakerlaw.com
scamardo@bakerlaw.com
dkavouras@bakerlaw.com