UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS MCEWEN,<br><br>　　　　*Plaintiff*<br><br>v.<br><br>NATIONAL RIFLE ASSOCIATION<br>OF AMERICA et al.<br><br>　　　　*Defendants* | No. 2:20-cv-00153-LEW |

### *MEMORANDUM DECISION AND ORDER RE: DISCOVERY DISPUTE*

This case is before me on the plaintiff's motion for limited discovery to determine whether the technology that defendant InfoCision, Inc., used to call him meets the definition of an automatic telephone dialing system (ATDS) as set forth in the Telephone Consumer Protection Act, 47 U.S.C. § 227(a)(1), and as recently clarified by the Supreme Court in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). *See* Plaintiff's Report on Manner of Future Proceedings and Motion for Limited Discovery (ECF No. 55) at 6-7. The parties disagree about whether the plaintiff is entitled to such discovery considering InfoCision's anticipated motion for judgment on the pleadings, in which it intends to assert that the plaintiff has failed to state a claim under the test established in *Facebook, Inc.*[1] *See* Order (ECF No. 63). After hearing extensive oral argument on the issue at a hearing in May 2021, I requested further briefing from the parties. *See id.*

---

[1] Both parties refer to InfoCision's anticipated motion as a motion to dismiss. Because InfoCision already filed its answer, *see* Answer to Complaint (ECF No. 18), the motion would be a motion for judgment on the pleadings. *See Patrick v. Rivera-Lopez*, 708 F.3d 15, 18 (1st Cir. 2013) ("[The plaintiff] is correct that [the defendant's] motion [to dismiss] was untimely because '[a] motion asserting [a defense listed in Rule 12(b)] must be made before pleading if a responsive pleading is allowed.' Fed. R. Civ. P. 12(b). Instead of deciding the motion under Rule 12(b)(6), the district court should have treated it as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)."). Nothing turns on this distinction, however, because "a motion for a judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss." *Villeneuve v. Avon Products, Inc.*, 919 F.3d 40, 43 n.2 (1st Cir. 2019) (alteration, citation, and internal quotation marks omitted).

In its brief, InfoCision emphasizes that First Circuit caselaw dictates that "a plaintiff must state a plausible claim before [he] can invoke a right to discovery" and argues that the plaintiff has not met this threshold. Defendant InfoCision, Inc.'s Brief in Opposition to Limited Discovery (ECF No. 65) at 3, 6-7 (quoting *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019)). The plaintiff, on the other hand, contends that courts have "the discretion to order limited discovery to fill in a complaint's 'missing link'" particularly when, as here, the missing "information is exclusively within the control of a defendant[.]" Plaintiff's Brief in Support of His Motion for Limited Discovery ("Plaintiff's Brief") (ECF No. 64) at 1 (quoting *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 45 (1st Cir. 2012)).

After carefully considering the parties' briefs, I conclude that the issue of the plaintiff's entitlement to limited discovery regarding InfoCision's phone technology would be best addressed in the context of InfoCision's anticipated motion for judgment on the pleadings. Several factors inform my decision. First, because the plaintiff's arguments in favor of allowing limited discovery appear to be intrinsically tied to his arguments that the pleading standards should be relaxed when applied to facts exclusively in the control of a defendant, *see* Plaintiff's Brief at 2-5, I am concerned that granting his request at this juncture would, in effect, prejudge the merits of InfoCision's yet-to-be-filed motion. Second, I anticipate that, in addition to his argument in favor of limited discovery, the plaintiff will alternatively respond to InfoCision's motion by asserting that his complaint alleges sufficient facts as it is currently written, *see id.* at 5 ("[The plaintiff] maintains that he has alleged sufficient facts for the Court to plausibly infer that Defendants used an ATDS[.]"); if the court accepts that position, it may not need to decide whether the plaintiff is entitled to limited discovery before deciding the motion for judgment on the pleadings. Finally, if the court agrees with the plaintiff that modest discovery is warranted to fill in what it perceives

as a missing link in the plaintiff's allegations regarding InfoCision's use of an ATDS, it will have the benefit of InfoCision's motion when determining the appropriate scope of that discovery.

For these reasons, the plaintiff's motion for limited discovery is **<u>DENIED</u>** without prejudice to him making the same request in response to InfoCision's anticipated motion for judgment on the pleadings. If InfoCision files a motion for judgment on the pleadings, it shall do so by July 27, 2021; if no motion is filed by that date, the court will enter a scheduling order establishing pretrial discovery deadlines. Discovery and other pretrial deadlines shall be **<u>STAYED</u>** in the meantime and shall remain so, pending resolution of any motion for judgment on the pleadings filed by July 27, 2021.

## <u>NOTICE</u>

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 4th day of July, 2021.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
