UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS MCEWEN, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL RIFLE ASSOCIATION )<br>OF AMERICA and  INFOCISION, )<br>INC., d/b/a INFOCISION )<br>MANAGEMENT CORPORATION, )<br>)<br>Defendants. ) | No. 2:20-cv-00153-LEW |

**<u>ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS AND
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u>**

Plaintiff Travis McEwen has brought this suit against Defendants, the National Rifle Association of America ("NRA") and InfoCision, Inc. ("InfoCision"), alleging that Defendants violated certain provisions of the Telephone Consumer Protection Act ("TCPA"). Now pending before the court are Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF 76); Defendants' Motion for Judgment on the Pleadings and to Lift Stay (ECF 69); and Plaintiff's Motion for Oral Argument (ECF 77). For the reasons that follow, I grant in part and deny in part Plaintiff's request to file a second amended complaint, lift the stay and dismiss counts C through F as to the NRA, deny Defendants' motion for judgment on the pleadings, and deny Plaintiff's request for oral argument.

**BACKGROUND**

Plaintiff is a former member of the NRA who alleges that he received numerous unwanted calls from InfoCision on behalf of the NRA. According to Plaintiff, he never consented to such calls, and in fact took active steps to avoid receiving them by placing himself on the National Do Not Call Registry in 2003 and by asking InfoCision to place him on their "internal do-not-call list" in about 2014 or 2015. First Amended Complaint ("FAC") ¶¶ 34, 36 (ECF No. 23).[1] Plaintiff states that he allowed his NRA membership to lapse in 2018. FAC ¶ 35. Nevertheless, Plaintiff alleges, he received as many as sixty-six calls from InfoCision between 2017 and 2020, FAC ¶ 37, which he claims were placed on behalf of other unspecified entities in addition to the NRA, FAC ¶ 4.

The NRA is a membership-based organization that solicits and collects membership fees to further its work in firearms advocacy, training, and education. FAC ¶ 16. Plaintiff alleges that Defendant "the NRA" is a distinct entity from "the NRA Foundation," a registered 501(c)(3) charitable organization. FAC ¶ 21. Plaintiff also points to a recent investigation by the New York Attorney General's office that has brought to light severe mismanagement and self-dealing on the part of NRA leadership, which calls into question the organization's status as a nonprofit organization. FAC ¶¶ 54–56.

InfoCision is a telemarketing company that places marketing and fundraising calls on behalf of clients, including the NRA. FAC ¶ 31. Plaintiff alleges that InfoCision uses an automatic telephone dialing system ("ATDS") to make autodialed calls to consumers. FAC ¶¶ 25, 32. According to Plaintiff, InfoCision obtains numbers for its call lists from

---

[1] Unless otherwise noted, the allegations detailed in this opinion are drawn from Plaintiff's First Amended Complaint and are recited without judging the allegations for accuracy. Because both the Motion for Judgment on the Pleadings and Motion to File a Second Amended Complaint simply ask me to ascertain whether the allegations in the complaints, if true, are sufficient to state a claim for relief, I treat them all as true for the purpose of this Order.

various sources, including, but not limited to, the NRA's membership records and third-party vendors. FAC ¶¶ 26, 27. The ATDS places multiple calls and, when a call is answered, either delivers a prerecorded message or connects the consumer to a representative. FAC ¶ 3. Plaintiff claims to know that InfoCision uses an ATDS because, when he once answered a call from InfoCision on behalf of the NRA, he experienced a delay between answering the phone and speaking with a representative, which delay is typical of an ATDS. FAC ¶ 44.

Plaintiff brought this putative class action against the NRA and InfoCision, initially raising four counts but ultimately amending his complaint to bring a total of six counts. In Counts A and B, Plaintiff alleged that Defendants violated the TCPA by calling consumers' telephones without their consent using an ATDS, and that they did so willfully and knowingly. FAC ¶¶ 68, 74. In Counts C and D, Plaintiff alleged that Defendants violated the TCPA by calling consumers who had placed their names on the National Do-Not Call Registry, and that they did so willfully and knowingly. FAC ¶¶ 81, 83. In Counts E and F, Plaintiff alleged that Defendants violated the TCPA by calling consumers who had asked Defendants to place them on internal do-not-call lists, and that they did so willfully and knowingly. FAC ¶¶ 88, 94.

On InfoCision's motion, I dismissed Counts C through F as to InfoCision, *see* Order Mot. Dismiss (ECF No. 54), the proceedings having been stayed as to the NRA due to its suggestion of bankruptcy, *see* Order Closing Case (ECF No. 51). I determined that Plaintiff's factual allegations, if true, would suggest that the NRA is not a "nonprofit organization" exempt from the TCPA, and so declined to dismiss on that ground.

Nevertheless, I concluded that Plaintiff's allegations did not state or support the reasonable inference that InfoCision engaged in "telephone solicitation" with Plaintiff because Plaintiff alleged no facts to suggest that InfoCision ever sought to sell him any goods or services. Moreover, I found that Plaintiff's allegation that InfoCision had called him on behalf of other entities in addition to the NRA lacked any factual basis and so was implausible. Accordingly, I dismissed Counts C through F as to InfoCision.

Plaintiff then requested limited discovery on the issue of whether InfoCision's dialer system qualified as an ATDS in light of the Supreme Court's recently issued opinion in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). *See* Pl.'s Status Report 6–7 (ECF No. 55). At the same time, Plaintiff proposed filing a Second Amended Complaint ("SAC") that would better conform to the standard articulated in *Facebook*. Plaintiff made clear that he did not intend to file an amended complaint until after the court had resolved his request for limited discovery. Plaintiff requested a 90-day discovery period and proposed that the court set a deadline for the filing of an amended complaint at 30 days following the completion of the discovery period. The magistrate judge denied Plaintiff's request for discovery on July 4, 2021 and made no mention of any deadline for Plaintiff to file an amended complaint. *See* Order (ECF No. 68).

In July 2021, Defendants moved for judgment on the pleadings. *See* Def.'s Mot. (ECF No. 69). Defendants argued that the remaining counts (A and B) did not state a claim upon which relief could be granted because Plaintiff had not plausibly alleged that InfoCision called consumers using an ATDS as defined by *Facebook*. In addition, the NRA

requested that the court lift the stay occasioned by its bankruptcy filing and moved to dismiss Counts C through F, which I previously dismissed as to InfoCision.

In September 2021, Plaintiff moved for leave to file the SAC. *See* Pl.'s Mot. Am. Compl. (ECF No. 76). Plaintiff also requested oral argument on the issues raised by the motion to amend the complaint and the motion for judgment on the pleadings. *See* Pl.'s Mot. Oral Arg. (ECF No. 77).

## DISCUSSION

### I. Plaintiff's Motion for Leave To File Seconded Amended Complaint

"The court should freely give leave" for a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). I thus will grant a request to amend a pleading unless "appropriate circumstances" counsel against doing so. *Klunder v. Brown Univ.*, 778 F.3d 24, 34 (1st Cir. 2015). Circumstances that counsel against granting a request to amend include undue delay, futility, a lack of due diligence or good faith on the part of the movant, or where the opposing party otherwise would be prejudiced by the amendment. *Id.* So long as judgment has not been entered, a court may grant leave to amend a pleading even if some or all of a complaint has been dismissed. *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

#### 1. Counts C through F

Plaintiff's motion to amend the Complaint is futile with respect to Counts C through F. Where, as here, a party seeks leave to amend "before discovery is complete and neither party has moved for summary judgment," an amendment's futility turns on whether "the proposed amended complaint sets forth a general scenario which, if proven, would entitle

the plaintiff to relief against the defendant on some cognizable theory." *Hatch v. Dep't for Child., Youth & Their Fams.*, 274 F.3d 12, 19 (1st Cir. 2001). Put plainly, I apply the same test to determine whether the amendment would be futile as I would were I ruling on a motion to dismiss for failure to state a claim. *Id.* Under this standard, I ignore any conclusory legal allegations, accept all of the SAC's factual allegations as true, and ask only whether these "facts, taken in their entirety, permit the reasonable inference that the defendant is liable." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (citation omitted).

I previously determined that Counts C through F failed to state a claim upon which relief could be granted, and nothing in the SAC changes that calculus. In my Order granting InfoCision's motion to dismiss, I found that Plaintiff had not alleged sufficient facts to reasonably support the allegation that InfoCision had called him while engaged in "telephone solicitation." The TCPA defines "telephone solicitation" to mean placing a telephone call for the purpose of selling a good or service. *See* 47 U.S.C. § 227(a)(4). Plaintiff merely alleged that InfoCision was soliciting donations and membership in the NRA, which, I determined, are neither a good nor a service. Plaintiff's only additional allegations on that score are a few cursory references to Defendants "selling goods and services" and a more detailed description of the benefits available to dues-paying NRA members. *See, e.g.*, SAC ¶¶ 30–32. But the former does nothing to substantiate Plaintiff's claims, and the latter fails to rebut my conclusion that membership benefits—no matter how valuable—simply are not purchased goods or services for the purpose of the TCPA.

Plaintiff also adds allegations casting further doubt on whether the NRA operates as a nonprofit. SAC ¶¶ 70–82. But these additional allegations do not address my reason for dismissing Counts C through F in the FAC and are merely cumulative of Plaintiff's existing allegations regarding the NRA's nonprofit status. In my previous order, I granted InfoCision's motion to dismiss because I found that Plaintiff did not plausibly allege that InfoCision contacted him while engaged in "telemarketing." At the same time, I found that the factual allegations in the FAC would, if true, permit a finding that the NRA does not operate as a nonprofit. Thus the additional allegations, like Plaintiff's other allegations intended to strengthen Counts C through F, are futile.

### 2. Counts A and B

As it concerns Counts A and B, Plaintiff's Motion to File a Second Amended Complaint is neither futile nor unduly delayed; accordingly, I grant Plaintiff's motion with respect to these counts.

#### A. Futility

The SAC is not futile insofar as it alleges facts that, taken as true, permit the reasonable inference that Defendant is liable under the TCPA. The TCPA prohibits the use of an ATDS to call a cellular phone without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Plaintiff alleges that InfoCision called him and other consumers on their cellphones. SAC ¶¶ 41–47, 88. Plaintiff further alleges that InfoCision called consumers without their consent. SAC ¶ 33. And, in the SAC, Plaintiff plausibly alleges that InfoCision called him using an ATDS.

The United States Supreme Court recently clarified that to qualify as an ATDS under the TCPA, "a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook*, 141 S. Ct. at 1167. Thus Plaintiff ultimately must establish that, somewhere along the line, InfoCision used a random or sequential number generator either to store or to produce telephone numbers (and, specifically, cellphone numbers); though for the purpose of the present motion, he need only allege sufficient facts to support the inference that InfoCision uses a device with such capacities.

Since *Facebook*, district courts around the country have permitted claims under the TCPA to proceed without requiring plaintiffs to plead the technical specifications of defendants' automatic dialing systems. *See, e.g.*, *Miles v. Medicredit, Inc.*, No. 4:20-CV-01186 JAR, 2021 WL 2949565, at *4 (E.D. Mo. July 14, 2021); *Carl v. First Nat'l Bank of Omaha*, No. 2:19-CV-00504-GZS, 2021 WL 2444162, at *9 (D. Me. June 15, 2021); *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *5 (W.D. Tex. May 10, 2021). However, courts have required plaintiffs to include at least some allegations to support the inference that the defendant used a random or sequential number generator, *see, e.g.*, *Guglielmo v. CVS Pharmacy, Inc.*, No. 3:20CV1560-JBA, 2021 WL 3291532, at *2 (D. Conn. Aug. 2, 2021), as well as the inference that the system in question relied on making large blocks of simultaneous calls rather than personalized calls or messages, *see, e.g.*, *Jovanovic v. SRP Invs. LLC*, No. PHX:21-CV-00393-JJT, 2021 WL 4198163, at *4 (D. Ariz. Sept. 15, 2021).

8

The first step, when determining whether a complaint's allegations support an inference of liability, is to separate factual allegations from conclusory legal allegations, and remove the latter from consideration. *See Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012). Thus I need not credit Plaintiff's flat assertions that Defendants made calls using an ATDS, nor his incorporation of the statutory definition of an ATDS.

The factual allegations that remain support, but do not prove, the inference that Defendants used an ATDS to place calls to Plaintiff and other consumers. Plaintiff's allegations support the inference that InfoCision uses an automatic dialer to place phone calls to consumers *en masse*, and indeed Defendants admit that InfoCision has used such a system at times. SAC ¶ 56–57. Plaintiff alleges, based on information gleaned from Defendants' filings, that InfoCision's system is, or is similar to, the "Interaction Dialer Manager" created by Genesys Telecommunications Laboratory, Inc., an "automated predictive dialing service" that calls "a list of people according to a prescribed list of rules." SAC ¶¶ 52–53. Plaintiff's other allegations further support this claim. SAC ¶ 21 (stating that InfoCision uses "advanced technologies" to conduct its telemarketing operations). The algorithm that these allegations describe likely functions by randomly or sequentially generating numbers. Accepting these facts as true—as I must do at this stage of the case—I determine that the SAC plausibly alleges that InfoCision calls cellphones using an ATDS.

That InfoCision initially acquires phone numbers from its clients or third-party venders, SAC ¶ 34, does not bear on whether InfoCision's auto-dialer qualifies as an ATDS. *Facebook* made clear that the TCPA defines an ATDS in disjunctive form: a device

9

must *either* store telephone numbers using a random or sequential number generator *or* produce numbers using a random or sequential number generator. *Facebook*, 141 S. Ct. at 1164. Thus a device that calls phones numbers from a "preproduced list" may still be an ATDS, so long as it "use[s] a random [or sequential] number generator to determine the order in which to pick" the numbers from the list or otherwise stores the list of numbers using a random or sequential number generator. *Id.* at 1172 n.7. Plaintiff's allegations, if true, describe just such a device: InfoCision maintains one or more lists of phone numbers, which are automatically plucked from the list using an algorithm and robotically dialed in the order in which they are picked. Accordingly, Plaintiff's proposed amendments support a claim under § 227(b), and so are not futile.

### B. Delay

Nor is the SAC unduly delayed. The mere fact that a plaintiff delayed a request to amend a complaint is an inadequate basis for a court to deny the amendment. *Klunder*, 778 F.3d at 34 (citing *Hayes v. New Eng. Millwork Distribs., Inc.*, 602 F.2d 15, 19 (1st Cir.1979)). However, an "undue delay . . . may be enough to justify denying a motion for leave to amend." *Hagerty ex rel. United States v. Cyberonics, Inc.*, 844 F.3d 26, 34 (1st Cir. 2016). A delay can be "undue" either because it threatens to prejudice the opposing party, *id.* at 34 n.7, or because it lacks a reasonable justification, *id*. at 34. The First Circuit has recognized an undue delay where, for example, the amendment would cause "additional, prolonged discovery and a postponement of trial," *Klunder*, 778 F.3d at 34; where the plaintiff sought to "drastically" reshape the pleadings by adding a new defendant and cause of action late in the game, *Villanueva v. United States*, 662 F.3d 124, 127 (1st

Cir. 2011); where the plaintiff moved to amend the complaint after all counts had been dismissed, *Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61 (1st Cir. 2018); or where the delay was so protracted that it could not be justified, *Frappier v. Countrywide Home Loans, Inc.*, 750 F.3d 91, 96 (1st Cir. 2014) (denying leave to amend more than two years after commencement of suit, and more than one year after last dispositive ruling).

None of those concerns obtain with respect to Plaintiff's new allegations supporting Counts A and B. No discovery has occurred and Counts A and B had not been the subject of any dispositive motions before Defendants' currently pending motion for Judgment on the Pleadings. As the primary purpose of the SAC is to add color to Plaintiff's existing claims and bring them into compliance with the Supreme Court's recent construction of the TCPA, the SAC does not raise any new claims or lines of argument for which Defendants lack adequate notice. Permitting Plaintiff to file the SAC would not prejudice Defendants.

Nor was Plaintiff's delay unjustified or particularly long. Plaintiff's failure to file the SAC before April 2021 was justified, as the scope of the TCPA's application to automatic dialers was unclear before the Supreme Court's decision in *Facebook*. Plaintiff's failure to file the SAC before July 2021 was justified, as Plaintiff was hoping to conduct limited discovery before filing an amended complaint, *see* Pl.'s Status Report 6–7, which discovery request the court denied in July. This leaves an 82-day window between when the court denied Plaintiff's request for discovery on July 4, 2021, and when Plaintiff moved for leave to file the SAC on September 24, 2021. While 82 days is likely more time than Plaintiff needed to amend the Complaint—in his request for limit discovery, he proposed

11

a 30-day timetable for filing an amended complaint following the close of discovery—it is not so lengthy as to suggest prejudice absent a specific justification for delay. To require a litigant to explain any moderate and otherwise nonprejudicial delay such as this would turn "Rule 15's liberal policy" on its head. *Klunder*, 778 F.3d at 35.

## II. Defendants' Motion for Judgment on the Pleadings

Because I grant in part Plaintiff's Motion to File a Second Amended Complaint, Defendants' Motion for Judgment on the Pleadings is denied as moot. *See, e.g.*, *Rua v. Glodis*, No. 10-CV-40251-FDS, 2012 WL 2244817, at *4 (D. Mass. June 14, 2012); *Xtria, LLC v. Int'l Ins. All. Inc.*, No. 3:09-CV-2228-D, 2010 WL 1644895, at *3 (N.D. Tex. Apr. 22, 2010).

## III. NRA's Motion to Lift Stay and Dismiss

For the reasons discussed in my Order granting InfoCision's motion to dismiss, and summarized above, Plaintiff fails to state a plausible claim for relief against the NRA as to Counts C through F. Accordingly, and as the NRA is no longer undergoing bankruptcy, I lift the stay as to the NRA and dismiss those counts.

## IV. Plaintiff's Motion for Oral Argument

Because I am able to resolve these motions on the basis of the parties' submissions, I see no need to hold oral argument, and so deny Plaintiff's request.

## CONCLUSION

Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 76) is GRANTED as it relates to Counts A and B and DENIED as it relates to Counts C through F. Defendants' Motion for Judgment on the Pleadings and to Lift the Stay (ECF No. 69) is

GRANTED with regard to lifting the stay, DENIED as it relates to Counts A and B, and GRANTED as it relates to Counts C through F. Plaintiff's Motion for Oral Argument (ECF No. 77) is DENIED.

**SO ORDERED.**

Dated this 20th day of December, 2021.

 /s/ Lance E. Walker        
UNITED STATES DISTRICT JUDGE
