UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TRAVIS MCEWEN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 2:20-cv-00153-LEW |
| ) | |
| NATIONAL RIFLE ASSOCIATION ) | |
| OF AMERICA and INFOCISION, ) | |
| INC., d/b/a INFOCISION ) | |
| MANAGEMENT CORPORATION, ) | |
| ) | |
| Defendants ) | |

## ORDER

The matter is before the Court on Defendants' Unopposed Motion to Certify this Court's December 20, 2021 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 94) and Plaintiff's Unopposed Motion for (1) Rule 54(b) Entry of Final Judgment on Claims in Counts C, D, E, and F; (2) Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b); and (3) Stay of Further Discovery in this Court (ECF No. 95).

Defendants' motion is granted and Plaintiff's motion is granted in part and denied in part for reasons set forth below.

## BACKGROUND

In this action Plaintiff Travis McEwen pursues class action claims on behalf of certain classes of persons annoyed or harmed by unsolicited calls received from Defendant InfoCision, Inc., on behalf of Defendant National Rifle Association of America. For Counts A and B, Plaintiff describes a class comprised of all persons in the United States who

received a call from Defendants that utilized an "automatic telephone dialing system," or "ATDS." For Counts C and D, Plaintiff describes a class comprised of all persons in the United States who registered their number with the National Do-Not-Call Registry but nonetheless received more than one call from Defendants within any twelve-month period thereafter. Finally, for Counts E and F, Plaintiff describes a class comprised of all persons in the United States who requested to be placed on InfoCision's or the NRA's internal do-not-call list but received more than one call within any twelve-month period thereafter. Second Am. Compl. (ECF No. 83).

In April 2021, I granted Defendants' motion to dismiss Counts C, D, E, and F (the do-not-call claims). I did so on the ground that the Defendants' alleged calls do not come within the meaning of "telephone solicitation," as that term is used in the Telephone Consumer Protection Act, 47 U.S.C. § 227(a)(4). *See* Memorandum of Decision and Order on Defendants' Motion to Dismiss at 10 (ECF No. 54). In December 2021, I then denied Defendants' motion for judgment on the pleadings seeking dismissal of Counts A and B (the ATDS claims) because I found that Plaintiff "plausibly alleges that InfoCision called him using an ATDS." Order on Motion for Judgment on the Pleadings and Motion for Leave to File Second Amended Complaint at 7 (ECF No. 82).

Given my rulings, the parties collectively feel that I have steered them into a legal quagmire that makes further travel of the case unduly burdensome and impractical. Each side wants the opportunity to have the First Circuit clear a more propitious path before they are made to march any further.

## DISCUSSION

### A.  Rule 54(b)

Plaintiff asks that I enter final judgment on the claims previously dismissed, thereby permitting him immediately to appeal the order dismissing his proposed do-not-call class action claims. Pursuant to Rule 54, "[w]hen an action presents more than one claim for relief …, the court may direct entry of a final judgment as to one or more, but fewer than all, claims … if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). To enter final judgment on fewer than all claims pursuant to Rule 54(b), I must find that Plaintiff's motion meets three criteria.

First, the resulting judgment must have finality. *Darr v. Muratore*, 8 F.3d 854, 862 (1st Cir. 1993). Here, because Counts C-F all concern separate proposed classes and claims, a judgment on the Counts would be "a coherent and final disposition." *Id.* Second, I must consider "all claims and parties in perspective." *Id.* Plaintiff's request meets this criterion because the entry of final judgment on the Count C-F class claims would permit an appeal that might, assuming Plaintiff's success on appeal, avoid duplicative discovery and preliminary class proceedings, while also potentially enabling a consolidated trial utilizing only one jury. Third, I must assess the equities associated with the delayed access to an appeal that would result if I deny Plaintiff's request. *Id.* Much as with the second criterion, the inequity of delay is demonstrated by the inability to ensure one cohesive proceeding that encompasses all of the various class/subclass claims and the additional expense and effort that would arise in the event my ruling on Counts C-F is vacated only after the conclusion of district court proceedings on Counts A and B.

For these reasons, I grant Plaintiff's request for final judgment on Counts C-F and, given the parties' joint request that I do so and my findings concerning judicial efficiency, I also grant Plaintiff's and Defendants' requests that further proceedings in this Court on Counts A and B be stayed.

**B.     Certification of interlocutory appeal**

The remaining component of Plaintiff's motion and the core of Defendants' motion involves the jurisdiction of the courts of appeals to hear appeals of interlocutory orders when a district judge finds "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). These requests concern both my April 2021 interlocutory order and my December 2021 interlocutory order.

"Interlocutory certification under 28 U.S.C. § 1292(b)" should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *Caraballo-Seda v. Municipality Of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005).

### 1. *April Order dismissing Counts C-F*

I am not persuaded by Plaintiff's request that the April Order is a good candidate for certification under § 1292(b) because I am not convinced that the reason supplied for the dismissal has a substantial ground for difference of opinion. I dismissed Counts C through F because Plaintiff did not allege that Defendants ever placed telephone calls to him for the purpose of selling goods and thus could not show that Defendants were engaged

4

in "telephone solicitation," as is required to establish liability under 47 U.S.C. § 227(c). To my knowledge, only one court has adopted the view that charitable solicitation can establish liability under § 227(c), *see Kalmbach v. Nat'l Rifle Association of America*, No. 17-cv-00399-RSM, 2017 WL 3172836, *4 (W.D. Wash. July 26, 2017), which does not suggest that a substantial ground for disagreement exists on this issue. In any event, Plaintiff achieves the relief he desires from this Court given my ruling on the Rule 54 component of his motion.

### 2. *December Order denying Defendants' motion to dismiss Counts A & B*

Defendants ask that I certify for interlocutory appeal my denial of their motion for a judgment on the pleadings with respect to Counts A & B. In my December Order, I considered whether Plaintiff pled a plausible Telephone Consumer Protection Act ("TCPA") claim for unlawful use of an automatic telephone dialing system ("ATDS") in violation of 47 U.S.C. § 227(b)(1), where, as alleged, InfoCision uses an ATDS "to make calls to telephone numbers assigned to a cellular telephone," Second Am. Compl. ¶ 78, and has admitted placing calls to Plaintiff's phone using a "dialing system that had the capacity to store or produce numbers to be called using a random or sequential number generator," *id.* ¶ 52. I found that Plaintiff states a claim that InfoCision used an ATDS because InfoCision's use of "a device that calls phone[] numbers from a 'preproduced list' may still be an ATDS, so long as it 'use[s] a random [or sequential] number generator to determine the order in which to pick' the numbers from the list or otherwise stores the list of numbers using a random or sequential number generator." ECF No. 82 at 10 (quoting *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1172 n.7 (2021)). Defendants wish to appeal this denial,

arguing that the TCPA only applies to dialing systems that generate phone numbers randomly in the first instance, and excludes those systems that use a number generator to randomly select numbers that were originally acquired through some other means (for example, from a list of known donors).

As a general rule, the First Circuit Court of Appeals does not grant interlocutory appeals from orders denying a motion to dismiss or motion for judgment on the pleadings. *Caraballo-Seda v. Municipality Of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005). This policy reflects federal courts' "preference against piecemeal litigation." *Id.* It is, however, only a general rule, and an interlocutory appeal of the denial of a motion to dismiss will be permitted in appropriate circumstances. *See, e.g.*, *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 88 (1st Cir. 2022). Here, the courts' preference against piecemeal litigation, in fact, cuts in favor of permitting an interlocutory appeal on Counts A and B—because Counts C through F are subject to final judgment and hence immediately appealable, an interlocutory appeal on Counts A and B will have the effect of consolidating rather than balkanizing this litigation. Thus my ultimate determination turns on the factors prescribed by § 1292(b): whether the order "involves a controlling question of law," whether there is "substantial ground for difference of opinion" on that question, and whether an interlocutory appeal would expedite the ultimate resolution of this case. 28 U.S.C. § 1292(b).

All of those factors are met here. First, whether the TCPA is limited to dialing systems that generate phone numbers randomly in the first instance—that is, systems that create lists of phone numbers out of whole cloth by simply spitting out random ten-digit

sequences—is a controlling question in this case. Although a plaintiff generally need not plead the technical specifications of a defendant's automatic dialing system, *see, e.g.*, *Callier v. GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 WL 2688622, at *5 (W.D. Tex. May 10, 2021), a plaintiff may not rely on a conclusory allegation to side step a material fact that goes directly to the plausibility of his claim, *Cruz-Arce v. Mgmt. Admin. Services Corp.*, 19 F.4th 538, 543 (1st Cir. 2021). Here, Plaintiff alleges that Defendants "have used an ATDS, namely a device that has the capacity to produce or store numbers using a random or sequential number generator." Second Am. Class Action Compl. ¶¶ 29, 36. Plaintiff also alleges that Defendants place calls to persons with whom they do not have a prior relationship, "us[ing] vendors to collect phone numbers for individuals." *Id.* ¶ 30. Plaintiff does not allege, however, that InfoCision placed calls to him by means of an ATDS that randomly generated a sequence of digits that happened to be his cell phone number. Furthermore, the fact that Plaintiff was previously an NRA member, *id.* ¶ 39, makes it implausible that defendants generated his number randomly. Thus if the TCPA applies only to systems that generate phone numbers randomly in the first instance, Counts A and B of Plaintiff's Second Amended Class Action Complaint should be dismissed.

Second, the proper scope of the TCPA in light of *Facebook* is a live issue as to which there exists substantial disagreement among the federal courts. *Compare, e.g.*, *Beal v. Outfield Brew House, LLC*, 29 F.4th 391, 394 (8th Cir. 2022) (concluding that TCPA only applies to dialing systems that generate numbers randomly in the first instance) *with Callier*, 2021 WL 2688622, at *5 (adopting contrary view).

Finally, an interlocutory appeal would help to expedite the ultimate disposition of this case. If the First Circuit were to reverse my order denying Defendants' request for judgment on the pleadings on Counts A and B, and affirm my order dismissing Counts C through F, this case would be over.

Ordinarily, the recent issuance of a persuasive circuit court opinion (*Beal* also cites two sympatico district court decisions) would not warrant certification of an early interlocutory appeal. As an interlocutory order, the order on the motion for judgment on the pleadings comes within my "discretionary power to alter it at any time prior to the entry of the final decree." *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 875 (1st Cir. 1990). Nonetheless, given the appropriateness of a Rule 54(b) final judgment on Counts C-F, the recent summary judgment ruling by the Eighth Circuit that would alter the pleading requirements for Counts A and B if followed by the First Circuit, and Plaintiff's understandable desire to prosecute a class action lawsuit with subclasses that should be managed cohesively for purposes of trial, it strikes me that the better exercise of discretion is to certify an interlocutory appeal concerning the denial of judgment on the pleadings on Counts A and B.

## CONCLUSION

Plaintiff's Unopposed Motion for (1) Rule 54(b) Entry of Final Judgment on Claims in Counts C, D, E, and F; (2) Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b); and (3) Stay of Further Discovery in this Court (ECF No. 95) is GRANTED IN PART and DENIED IN PART. Specifically, final judgment will enter on Counts C, D, E, and F pursuant to Rule 54(b) and discovery will be stayed pending the anticipated appeal.

Defendant's Unopposed Motion to Certify this Court's December 20, 2021 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (ECF No. 94) is GRANTED. Specifically, interlocutory certification is granted as to Counts A and B, and the December 20, 2021 Order is hereby amended to include a finding that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

**SO ORDERED.**

Dated this 9th day of June, 2022.

                                        /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE